ATTORNEY: G KARL BERNARD

RECEIVED
JUL 22 2016
@ 1:23pm
C4

SERVE

D440388

CITATION

| THE ASSOCIATION OF UNDER REPRESENTED CITIZENS OF LINCOLN | THIRD JUDICIAL DISTRICT |
|---|---|
| VS. | PARISH OF LINCOLN |
| THE LINCOLN PARISH POLICE JURY, ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-58381 | |

TO: LINCOLN PARISH POLICE JURY
    101 NORTH TEXAS AVE
    RUSTON, LA 71270

YOU ARE HEREBY CITED to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). Alternatively, you should file an answer or other pleading to said petition in the office of the Clerk of the Third Judicial District Court, in the Lincoln Parish Courthouse Ruston, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES of said Court, this JULY 21, 2016.

LINDA COOK, CLERK OF COURT

By: _____
Deputy Clerk of Court
Lincoln Parish

ATTACHMENTS
PETITION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM

---

### SHERIFF'S RETURN

DATE: _____ 20____
SERVED: _____
PERSONAL ( ) _____
DOMICILIARY ( ) _____
UNABLE TO LOCATE      MOVED ( )       NO SUCH ADDRESS ( )
OTHER REASON : _____
RECEIVED TO LATE FOR SERVICE ( )
SERVICE OF WITHIN PAPERS
COST FOR FEE: $_____   MILEAGE: $_____   TOTAL: $_____

DEPUTY: _____



RECEIVED
JUL 22 2016
LINCOLN PARISH SHERIFF'S OFFICE



EXHIBIT
A

3ᴿᴰ JUDICIAL DISTRICT COURT FOR THE PARISH OF LINCOLN

STATE OF LOUISIANA

NO. 58381         DIVISION ___         SECTION ___

THE ASSOCIATION OF UNDER-REPRESENTED
CITIZENS OF LINCOLN

VERSUS

THE LINCOLN PARISH POLICE JURY and JODY BACKUS, in his capacity as
President of THE LINCOLN PARISH POLICE JURY

FILED: _____         S/DEBRA B. SIMMONS
       Tax filed 7/13/16                 DEPUTY CLERK

### PETITION FOR PRELIMINARY INJUNCTION
### AND INCORPORATED MEMORANDUM

NOW INTO COURT, through undersigned counsel, comes The Association of Under-Represented Citizens of Lincoln, Plaintiff herein, alleging and averring claims and seeking the remedies specified herein, as follows:

1.

Plaintiff is an incorporated association of citizens, each of whom resides in and pays taxes to the benefit of Lincoln Parish, Louisiana, and therefore each has standing to bring this action, as does Plaintiff corporation.

2.

Made a Defendant herein is the Lincoln Parish Police Jury ("LPPJ"), a political corporation/subdivision of the State of Louisiana domiciled in the Parish of Lincoln, State of Louisiana, and authorized to do and doing business in the State of Louisiana.

3.

Also made a defendant herein is Jody Backus, in his official capacity as President of the Lincoln Parish Police Jury, who upon information and belief, is a person of the full age of majority and having capacity to be sued in this matter.

### FACTUAL BACKGROUND

4.

The Parish of Lincoln, Louisiana, is governed by a Police Jury. The Police Jury serves as both the legislative and executive governing body for the parish.

1

5.

Lincoln Parish is divided into twelve districts, each of which elects a representative, called a Police Juror, to serve a four-year term on the Police Jury.

6.

The twelve members of the Police Jury collectively elect a President who serves as the chairman and, thus, the head of the parish government.

7.

The President of the Police Jury has the power and authority under the current governing rules to open sessions when the jury convenes, call meetings to order, announce the business before the jury, recognize members entitled to the floor, put to vote all questions, announce the results of votes, assist in expediting and authenticating, by his signature, all the acts, orders, and proceedings of the Police Jury.

8.

The Police Jury is comprised of various committees. The individual Police Jurors are selected to serve on the various committees by the President and Vice-President of the Police Jury.

9.

The Police Jury's standing committees submit agenda items to the President that have a direct and significant impact on the Parish budget. The standing committees also assume responsibility for certain activities and projects that affect the financial burden imposed upon the residents of Lincoln Parish.

10.

The standing committees also communicate with the Chairman and other members of the Police Jury between meetings, as needed, to provide updates regarding ongoing projects.

11.

Central to its responsibilities, the Police Jury regulates and collects taxes from the constituents of Lincoln Parish, such as the plaintiffs.

12.

After the tax funds are collected, the Police Jury is responsible for appropriating the tax revenue according to the budget priorities the committees have brought to the attention of the President and the Police Jury.

13.

As noted above, only the standing committees determine the appropriation of tax dollars.

14.

Of the twelve districts in Lincoln Parish, five are majority African-American populations. The majority African-American districts are Districts 1, 2, 9, 10, and 11.

15.

In 2013, there were no representatives from Districts 1, 10, and 11 on any of the committees that determined how tax revenue was to be apportioned, thus resulting in the unlawful under-representation of African-Americans in a fundamental and essential aspect of governance in Lincoln Parish.

16.

In response to this dilemma, Theresa Wyatt, a Police Juror for District 1, organized a meeting of members of the Police Jury and the community to address the issue. Ultimately, the committees' membership was altered to afford the unrepresented minority districts an opportunity to participate in the process of allocating tax dollars.

17.

Following the reassignment of committees in or about 2013, the Juror for District 1, Theresa Wyatt, requested that the Police Jury develop policies and procedures that would prohibit the future exclusion of the representatives of minority districts from committees that apportion and direct the manner in which public funds will be expended. The request for such a policy was unilaterally ignored and rejected by the Police Jury administrator, Courtney Hall.

18.

On or about January 11, 2016, Jody Backus was elected to serve as the President of the Lincoln Parish Police Jury.

19.

In 2016, the Lincoln Parish Police Jury, acting under the direction of President Jody Backus, once again precluded the Police Jurors representing District 1 and District 10—which remain predominantly African-American—from participating in the determination of tax revenue allocation.

3

20.

According to the current census and Sales and Use Tax Report, District 1 is the second-largest tax producing district in Lincoln Parish, yet it currently has no representation on any committees that determine how Lincoln Parish tax dollars are spent.

21.

Accordingly, the districts with majority African-American populations in Lincoln Parish have been barred from participating in the determination of how public funds are to be expended.

22.

Plaintiff avers that the Defendant, Lincoln Parish Police Jury, acting at the direction of Defendant Jody Backus, has engaged in the unlawful appropriation and expenditure of public funds in a manner that has, and continues, to deliberately exclude members of Plaintiff Association from the decision-making process and, therefore, has violated and continues to violate Plaintiff's federally protected rights as taxpayers.

## CAUSES OF ACTION

23.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution protects the Plaintiff's right to full and effective participation in state government.

24.

As a taxpayer of Lincoln Parish, the individuals comprising Plaintiff incorporated association, and therefore Plaintiff itself, have standing in this matter to challenge the actions and practices of the Lincoln Parish Police Jury, a public body, which has acted in violation of the law in expending public funds without affording taxpayers the representation to which they are entitled.

25.

Under Louisiana law, taxpayers have the right to resort to judicial authority to restrain their public servants from violating their legal duties in any unauthorized mode that will increase the burden of taxation or otherwise injuriously affect the taxpayers or their property.

26.

In carrying out the actions set forth and alleged herein, the Lincoln Parish Police Jury has violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

4

which prohibits the governing authority from interfering with Plaintiff's right to full and effective participation in state governmental processes.

27.

Nevertheless, despite Plaintiff's Fourteenth Amendment protection, Defendants have, without cause, reason or justification, deviated from fundamental law, customs and history of conduct and willfully precluded Plaintiff's constituent members from exercising their constitutional rights by restricting them from participating in the political process through their duly elected representatives, and has otherwise infringed on their guaranteed right to equal protection under the law.

28.

Furthermore, Defendants have, without cause, reason or justification, irreparably harmed Plaintiff in the following ways:

(1) denial of Plaintiff's Fourteenth Amendment rights at the direction of the Lincoln Parish Police Jury's President as specified herein; and

(2) threatening and jeopardizing Plaintiff's future exercise of its constitutionally protected rights by precluding its elected representatives from participating in the allocation of public funds on its behalf.

29.

Irreparable harm is an injury suffered for which money damages cannot adequately compensate. Moreover, the injury "cannot be measured by pecuniary standards." (*See, Historic Restoration v. RSUI Indem. Co.*, 955 So.2d 200 (La. App., 2007)).

30.

Although irreparable harm is apparent, it is not necessary for a petitioner to show irreparable injury "when the deprivation of a constitutional right is involved. . . When a violation of federal due process or of state property protection guarantees is shown, a court may enjoin the constitutional violation." (*See, Doug Reed Enterprises, Inc. v. City of Baton Rouge*, 591 So.2d 733 (La. App. 1 Cir., 1991); *See also, South Central Bell Telephone Co. v. Louisiana Public Service Commission*, 555 So.2d 1370, 1373 (La. 1990)).

31.

Plaintiff seeks the issuance of an order enjoining Defendants from engaging in the following specific conduct:

1) Operating under or issuing policies or procedures that permit individuals from any district served by the Lincoln Parish Police Jury to be unrepresented on any committee, subcommittee, or other body that is responsible for making decisions as to the appropriation of taxpayer funds;

2) Operating under or issuing policies or procedures that create a disadvantage for residents of Lincoln Parish who are ethnic minorities.

WHEREFORE, Plaintiff prays that Defendants be duly cited and served with process and be required to appear and answer the allegations of the Petition for Preliminary Injunction; and that after legal delays and due proceedings, there be judgment in Plaintiff's favor and against Defendant Lincoln Parish Police Jury as detailed in the foregoing Petition, in an amount reasonable in the premises together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

G. KARL BERNARD & ASSOCIATES, LLC

_____
G. KARL BERNARD (#24294)
1615 Poydras Street, Suite 220
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088

Attorney for Plaintiff, The Association for
Under-Represented Citizens of Lincoln

**PLEASE SERVE:**

Lincoln Parish Police Jury
101 North Texas Ave.
Ruston, LA 71270