# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| THE ASSOCIATION OF UNDER-REPRESENTED CITIZENS OF LINCOLN | CIVIL ACTION NO. 16-1141 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| LINCOLN PARISH POLICE JURY and JODY BACKUS | MAGISTRATE JUDGE KAREN HAYES |

## MEMORANDUM RULING

Before the Court is a motion to dismiss, filed by Defendant Lincoln Parish Police Jury (the "Police Jury"). [Record Document 5]. In this motion, the Police Jury seeks to dismiss the claims filed against it by the Plaintiff, the Association of Under-Represented Citizens of Lincoln (the "Association"), pursuant to Federal Rule of Civil Procedure 12(b)(6). The Association opposes the motion. [Record Documents 7 & 11]. For the reasons that follow, the Police Jury's motion to dismiss shall be **GRANTED**, and the Association's claims against the Police Jury are **DISMISSED WITH PREJUDICE**.

I.  FACTUAL BACKGROUND.

The Association is "an incorporated association of citizens, each of whom resides in and pays taxes to the benefit of Lincoln Parish, Louisiana . . . ." Record Document 1-1, p. 2. The Association filed suit against the Police Jury and its President, Defendant Jody Backus ("Backus"), alleging that police jurors from majority African-American districts were precluded from participating in tax allocation decisions made by the Police Jury.

According to the petition, Lincoln Parish has twelve districts, each of which elects a police juror. Of the twelve districts, the following five are majority African-American: 1,

2, 9, 10, and 11. Record Document 1-1, p. 4. The President of the Police Jury is elected by the twelve police jurors. The petition states that

> The President of the Police Jury has the power and authority under the current governing rules to open sessions when the jury convenes, call meetings to order, announce the business before the jury, recognize members entitled to the floor, put to vote all questions, announce the results of votes, assist in expediting and authenticating, by his signature, all the acts, orders, and proceedings of the Police Jury.

Id. at 1-1, p. 3.

The Police Jury has various committees, which the Plaintiff groups into two categories- standing committees and special committees.[1] The members of each committee are selected by the President and Vice-President. The Association represents that the "standing committees submit agenda items to the President that have a direct and significant impact on the Parish budget," and they "assume responsibility for certain activities and projects that affect the financial burden imposed on the residents of Lincoln Parish." Id. More specifically, after taxes are collected, the Police Jury appropriates the tax revenue "according to the budget priorities the committees have brought to the attention" of the President and the other jurors. Id. The Association avers that only "standing committees determine the appropriation of tax dollars." Id. at p. 4. The standing committees are "all-important" because they determine the allocation of tax revenue, while the special committees "perform far less important functions, if any." Record Document 7, pp. 3-4.

---

[1] The Association fails to provide a complete list of the committees, nor does it fully identify which committees are engaged in decisions regarding the allocation of tax dollars.

Under Backus's leadership as President, the Association contends that jurors from districts 1 and 10 have been prevented from participating in the standing committees which determine tax revenue allocation.  Id.   The Association submits these jurors, and thus the individuals in the districts they represent, have been barred from deciding how public funds are spent.  The Association contends that the Police Jury and Backus have "engaged in the unlawful appropriation and expenditure of public funds in a manner that has, and continues, to deliberately exclude members of Plaintiff Association from the decision-making process . . . ." Id. at 5.  Plaintiff brought this Fourteenth Amendment Equal Protection Clause challenge, alleging that the Defendants have interfered with Plaintiff's right to "full and effective participation in state governmental processes." Id. at 6. Further, the petition asserts the Defendants have "willfully precluded Plaintiff's constituent members from exercising their constitutional rights by restricting them from participating in the political process through their duly elected representatives, and has otherwise infringed on their guaranteed right to equal protection under the law." Id.

Defendant filed a motion to dismiss, arguing that this action should be dismissed because the Association has failed to state a cause of action.  Defendant contends, among other things, that the Association has failed to show that the police jurors representing majority African-American districts are being systematically excluded from committees that handle tax allocation matters and that the Association has failed to show any racial motivation in the Police Jury's decision to appoint certain jurors to standing committees. The Court agrees and finds that the Plaintiff has failed to allege an unlawful exclusion from

standing committees, as it concedes that three of five jurors from majority African-American districts do, in fact, participate on the standing committees. Furthermore, Plaintiff has not alleged a discriminatory intent or motivation by the Police Jury, which is critical to an Equal Protection Clause challenge.

II. LAW AND ANALYSIS

　　A.　　12(b)(6) Standard.

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing the pleader is entitled to relief. A complaint is not required to contain detailed factual allegations, however, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)(internal marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2008) (internal marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. However, the complaint cannot be simply "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Id.

As the Fifth Circuit has explained, in order to survive a 12(b)(6) motion, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Rios v. City of Del Rio, 444 F.3d 417, 420–21 (5th Cir. 2006) (internal marks and citation omitted). Moreover,

> a statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint. Further, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

Id. at 421 (internal marks and citations omitted).

B. Equal Protection Clause.

"The Equal Protection Clause protects individuals from governmental action that works to treat similarly situated individuals differently." John Corp. v. City of Houston, 214 F.3d 573, 577 (5th Cir. 2000). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, Tex. v. Cleburne Living Cntr., 473 U.S. 432, 439 (1985). "The general rule gives way, however, when a statute classifies by race, alienage, or national origin. These factors are so seldom relevant to the achievement of any legitimate state interest that laws grounded in such considerations are deemed to reflect prejudice and antipathy– a view that those in the burdened class are not as worthy

or deserving as others. . . . [T]hese laws are subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest." Id.

To state a claim under the Equal Protection Clause, a plaintiff must demonstrate that he has been treated differently due to his membership in a protected class and that the unequal treatment stemmed from discriminatory intent. Hampton Co. Nat. Sur., LLC v. Tunica County, Miss., 543 F.3d 221, 228 (5th Cir. 2008). Unlike the Due Process Clause, the Equal Protection Clause does not require the deprivation of a constitutionally protected property or liberty interest. John Corp., 214 F.3d at 577 n.2.

A court may conduct an equal protection inquiry only where the government action has classified or distinguished between two or more groups of similarly situated people. Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996). If the challenged action does not classify or distinguish between two or more groups, then the action does not deny equal protection of the laws. Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988).

C. Analysis.

At first blush, the Association appears to allege that the Police Jury has distinguished between two groups of people. By refusing to assign jurors from majority African-American districts to the standing committees, the Police Jury has allegedly made a racial classification: jurors from majority African-American districts cannot participate in taxation decisions, while jurors from minority African-American districts can participate. However, a more thorough examination of Plaintiff's allegations reveals the fatal flaw in this claim. The Police Jury has not, in fact, treated two classes of similarly situated people differently.

Rather, the challenged action, in Plaintiff's own words, prevents only two of the five jurors from majority African-American districts from participation on standing committees. This means that three of the five jurors of majority African-American districts are, in fact, members of a standing committee.[2] The Police Jury has not classified or distinguished between two similarly situated groups of people. Therefore, the Court need go no further in this equal protection analysis.

However, even if the Plaintiff successfully demonstrated an unlawful classification between two groups of similarly situated people, its claim would still fail. In an equal protection case, it is the plaintiff's burden to both allege and prove the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." Johnson v. Rodriguez, 110 F.3d 299, 307 (5th Cir. 1997). In the instant case, aside from conclusorily stating that the Police Jury and Backus acted intentionally and willfully, the Association has failed to allege the necessary facts to support a showing of discriminatory intent, which is required to survive dismissal. Conclusory allegations or legal conclusions masquerading as facts are insufficient to defeat a motion to dismiss. See Fernandez-Montes v. Allied Pilots Assoc., 987 F.2d 278, 284 (5th Cir. 1993).

---

[2] The Court notes that each committee is comprised of only five jurors. Thus, not all twelve police jurors can participate on any committee. Police jurors from minority African-American districts are as equally "excluded" from standing committees as jurors from majority African-American districts.

In sum, taking the allegations in the light most favorable to the Plaintiff and accepting the truth of well-pled factual allegations, the Association has failed to allege facts to support the elements of its Equal Protection Clause claim. It has not alleged that the Police Jury's committee assignments created classifications or groupings,[3] nor has it alleged facts capable of establishing that purposeful discrimination motivated the Police Jury and/or Backus to make the challenged committee assignments. As the Supreme Court has explained, a complaint is insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950 (internal marks omitted).

Finally, although Plaintiff's claim fails for the reasons set forth above, the Court makes the following observation. Plaintiff insists that is it not alleging a vote dilution case, a disparate impact or outcome case, or a voting rights case. Rather, the Plaintiff declares the Defendants' actions are tantamount to taxation without representation. However, in

---

[3] Throughout its pleadings, the Association has neglected to indicate any specific information regarding the committees, such as which committees exist within the Police Jury structure; which committees address tax revenue allocation decisions; which ones are involved with other important financial decisions; to which particular committees the jurors seek access; from which particular committees the jurors have been excluded; and to which committees jurors from majority African-American districts have been assigned. In addition to a dearth of facts, the Association's pleadings present internal inconsistencies. At times, the Plaintiff states that districts 1 and 10 are barred from the standing committees, while at other times it alleges that districts 1 and 2 are not represented on the standing committees. Record Document 7, pp. 5 and 7. Further, the Plaintiff claims that the two infringed districts are barred from participation on any standing committees, but in its sur-reply, Plaintiff suggests that they are, in fact, assigned to standing committees, but simply not one of the six standing committees Plaintiff believes are "primarily responsible" for allocating tax revenue. Record Document 11, p. 4. Although all "well-pleaded" facts must be taken as true and viewed in the light most favorable to the Plaintiff, the Court is entitled to demand "well-pleaded facts."

this case, the representation, or lack thereof, is on a committee of the Police Jury, whose members are duly elected by the citizens of Lincoln Parish. The Plaintiff has cited no law to support its claim that the Defendants' conduct violates the Equal Protection Clause, nor has the Court located any jurisprudence to support Plaintiff's position. To the contrary, the jurisprudence found by the Court suggests there is no cause of action for the committee assignment decisions made by the Police Jury and Backus, even if sufficient facts were cited in support thereof. The Court finds persuasive the reasoning in DeJulio v. Georgia, in which the court explained, "The Equal Protection Clause of the Fourteenth Amendment and the 'one person, one vote' principle does not limit a legislative body to functioning as a committee of the whole. It does not require a properly apportioned legislative body to distribute power and influence so that every legislator is as powerful and influential as every other member of the body." DeJulio v. Georgia, 127 F. Supp. 2d 1274, 1298 (N.D. Ga. 2001), affirmed, 290 F.3d 1291 (11th Cir. 2002). This Court need not decide whether a cause of action exists under the Equal Protection Clause, however, because the Association's pleadings fails to sufficiently set forth necessary facts to survive dismissal.

III.    Defendant Backus.

Although represented by the same attorney as the Police Jury, Backus did not file a motion to dismiss in this case. Backus was sued in his official capacity as the President of the Police Jury. Record Document 1-1, p. 2. Suits against governmental officials in their official capacities are equivalent to suits against the entities they represent when that entity has received notice and the opportunity to respond. See Turner v. Houma Mun. Fire &

Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). Here, the Association's allegations against Backus mirror the allegations against the Police Jury. Thus, in addressing the claim against Backus, the Court will apply the same analysis that it has used in the instant ruling. Based upon the record in this case, the claim against Backus suffers from the same fatal flaws as the claim against the Police Jury.

"A district court may sua sponte dismiss a complaint under Rule 12(b)(6) as long as the procedure employed is fair." Whatley v. Coffin, 496 F. App'x 414, 415 (5th Cir. 2012) (internal marks omitted) (citing Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)). The Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention and an opportunity to respond." Id. (quoting Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006)).

The Association shall have until **April 13, 2018** to file a memorandum with the Court setting forth the factual and legal reasons its claim against Backus should not be dismissed. Backus shall respond by **April 27, 2018**. If the Association does not respond within the timeframe set forth above, the Court will issue a sua sponte dismissal of Backus as a Defendant in this case.

IV.  CONCLUSION.

For the foregoing reasons,

**IT IS ORDERED** that the Police Jury's motion to dismiss [Record Document 5] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the claims of the Association against the Police Jury shall be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Association shall file an appropriate pleading by **April 13, 2018** setting forth the reasons its claim against Backus should not be dismissed. If the Association fails to comply, the Court will dismiss Backus.

**THUS DONE AND SIGNED** on this 13th day of March, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE