UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| THE ASSOCIATION OF UNDER-REPRESENTED CITIZENS OF LINCOLN | CIVIL ACTION NO. 16-1141 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| LINCOLN PARISH POLICE JURY and JODY BACKUS | MAGISTRATE JUDGE KAREN HAYES |

## MEMORANDUM ORDER

The Plaintiff, Association of Under Represented Citizens of Lincoln (the "Association"), filed this action against the Lincoln Parish Police Jury (the "Police Jury") and its President, Defendant Jody Backus ("Backus"), alleging that police jurors from majority African-American districts were precluded from participating in tax allocation decisions made by the Police Jury. For the following reasons, the Association's claim against Backus is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The factual and procedural history of this case has been set forth previously by the Court in a memorandum ruling which granted the Police Jury's motion to dismiss for failure to state a claim. Record Document 12. In that opinion, this Court held that the Association's equal protection clause challenge failed because the Police Jury had not classified or distinguished between two similarly situated groups of people. The Court further held that even if the Association had successfully demonstrated an unlawful classification between two groups of similarly situated people, its claim would not prevail because the Association failed to both allege and prove the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). "Discriminatory purpose

in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." Johnson v. Rodriguez, 110 F.3d 299, 307 (5th Cir. 1997). In the instant case, aside from conclusorily stating that the Police Jury and Backus acted intentionally and willfully, the Association failed to allege facts to support a showing of discriminatory intent, which is required to survive dismissal.

The Court's prior ruling noted that although the Police Jury and Backus were represented by the same attorney, no motion to dismiss was filed on behalf of Backus. Rather, only the Police Jury moved for dismissal. Backus was sued in his official capacity as the President of the Police Jury. Suits against governmental officials in their official capacities are equivalent to suits against the entities they represent when that entity has received notice and the opportunity to respond. See Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). The Association's allegations against Backus mirror the prior allegations against the Police Jury. Thus, in addressing the claim against Backus, the Court stated that it would apply the same analysis that it used in concluding the Association's claim against the Police Jury must be dismissed.

Because the claim against Backus suffers from the same fatal flaws as the claim against the Police Jury, the Court notified the Association that the matter was subject to dismissal, unless the Association responded by April 13, 2018 and set forth the factual and legal reasons its claim against Backus should not be dismissed. The Association was

specifically cautioned, "If the Association does not respond within the timeframe set forth above, the Court will issue a sua sponte dismissal of Backus as a Defendant in this case." Record Document 12, p. 10. More than three months have passed since the Court's memorandum ruling was issued, and the Association has failed to file anything in this case. Accordingly, for the reasons enunciated in the prior ruling and in light of no objection or response from the Plaintiff, the Association's claim against Backus is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim.

A judgment consistent with the instant Memorandum Order shall issue herewith.

**THUS DONE AND SIGNED** on this 25nd day of June, 2018.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT COURT